**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ANTHONY BRODZKI,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:12-CV-3638-B (BF)** |
| | ) | |
| **JOHN BRYSON, SECRETARY,** | ) | |
| **U.S. DEPARTMENT OF COMMERCE,** | ) | |
| **Defendant.** | ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this case to the United States Magistrate Judge for pretrial management. On December 14, 2011, Anthony Brodzki ("Plaintiff") filed this action against John Bryson, Secretary of the United States Department of Commerce ("Defendant"), alleging violations of  Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et. seq*., the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 633a, and the Rehabilitation Act, 29 U.S.C. § 701, *et. seq.,* as well as allegations of wrongful discharge, tortious removal, defamation, slander, libel, and violations of the 5th and 14th Amendments.[1] Plaintiff seeks backpay, a change in the reasons given for the termination of his employment, and $2,500,000 in damages.

On February 13, 2012, Defendant filed a "Motion to Dismiss" ("Motion") which the District Court referred to the United States Magistrate Judge for recommendation. Defendant supplemented its Motion to Dismiss on February 16, 2012.   Plaintiff filed a response on April 13, 2012, and Defendant filed a reply on April 23, 2012.  Plaintiff filed a surreply on April 30, 2012.  For the

---

[1]  This lawsuit was filed in the United States District Court for the District of Columbia and transferred to this district on September 6, 2012, based upon convenience and fairness.  *See* 28 U.S.C. § 1404(a).  Defendant's Motion includes a claim for change of venue which is now moot.

reasons that follow, the Court recommends that the Motion be granted in part and denied in part.

## Standard of Review

### FED. R. CIV. P.  12(b)(1)

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case.  FED. R. CIV. P. 12(b)(1); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.  *McDaniel v. United States,* 899 F.Supp. 305, 307 (E.D. Tex. 1995).  Accordingly, the plaintiff bears the burden to prove that jurisdiction exists.  *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir. 1980).

A court may find a lack of subject matter jurisdiction based upon any one of three standards: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir. 1996).  Although in examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute, ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle the plaintiff to relief.  *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

### FED. R. CIV. P.  12(b)(6)

A complaint must contain "a short, plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  A plaintiff may support his claim for relief with any set of facts consistent with the allegations in the complaint.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

563 (2007).  The terms of Rule 12(b)(6) authorize dismissal of a complaint that fails to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  The Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff'" when it analyzes a Rule 12(b)(6) motion.  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  A motion to dismiss should be granted only when the complaint does not include "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).  "The plausibility standard is not the equivalent of  a probability requirement, but the standard requires more than a sheer possibility that a defendant has acted unlawfully.  *Id.*  Thus, to survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955.  A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss.  *Iqbal,* 129 S.Ct. at 1949.  The Court's review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims.  *Causey v. Sewell Cadillac–Chevrolet, Inc.,* 394 F.3d 285, 288 (5th Cir. 2004).

Plaintiff is proceeding *pro se*; therefore, the Court liberally construes his Complaint with all possible deference.  *See Haines v. Kerner,* 404 U.S. 519, 520 (1972).  Additionally, a *pro se* plaintiff ordinarily should be given "every opportunity" to state a possible claim for relief.  *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir.1977); Fed.  R. Civ.  P. 15(a).  Thus, before a court dismisses

3

a complaint under Rule 12(b)(6) for failure to state a claim, a *pro se* plaintiff should be given an opportunity to amend,  unless an amendment would be futile.  *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam).

## **Factual Background**

The Department of Commerce is in the Executive Branch of the Federal Government and includes various bureaus, one of which is the Census Bureau.  The Census Bureau collects and provides statistical data about the people and economy of the United States.  Plaintiff was appointed to a temporary position in the Dallas Regional Census Center on March 29, 2010, his job being to coordinate and supervise the operations performed by field employees gathering Census data. (Def.'s Mot., Ex. 1 at 2.)  On April 12, 13, and 27, 2010, Plaintiff's supervisors documented in writing problems with Plaintiff's job performance.  (*Id*. at 3.)  On April 20, 2010, Plaintiff contacted an Equal Employment Opportunity ("EEO") Counselor complaining of a hostile work environment, based upon harassment about a childhood sexual assault.  (*Id*. at 8-9.)  Plaintiff's employment was terminated on April 28, 2010.  (*Id*. at 3.)

Plaintiff filed a formal EEO complaint on May 4, 2010. (*Id*. at 1.)  Plaintiff asserted that his termination was in retaliation for filing an EEO complaint. (*Id*.)  Plaintiff received a copy of Defendant's Report of Investigation and chose to waive his right to a hearing before an Equal Employment Opportunity Commission ("EEOC") Administrative Law Judge, instead requesting a Final Agency Decision from Defendant. (*Id*.)

On September 1, 2011, the Agency issued its Final Agency Decision pursuant to 19 C.F.R. § 1614.110(b).  The Agency found no violation of Title VII, the ADEA, the Rehabilitation Act, or Agency regulations regarding sexual orientation discrimination.  (*Id*. at 1-19.)  Plaintiff  received

4

the Final Agency Decision on September 6, 2011.  (Def.'s Mot., Ex.  2.)

## ANALYSIS

### Plaintiff's Rehabilitation Act Claims, Title VII Claims, Retaliation Claims, and ADEA Claims

Defendant seeks  dismissal of Plaintiff's claims under the Rehabilitation Act under FED. R. CIV. P. 12(b) (1) for lack of subject matter jurisdiction and dismissal of Plaintiff's Title VII, Retaliation, and ADEA claims under FED. R. CIV. P. 12(b)(6) for failure to state a claim.[2]  Defendant contends that Plaintiff failed to exhaust his administrative remedies by filing his claims within 90 days of his receipt of the Final Agency Decision, as required under 29 C.F.R. § 1614.407.  (Mot. at 1-2.)  Defendant quoted F. R. CIV. P. 56(e) and cited D.C. Circuit law and D.C. Local Rules, stating:

> Plaintiff should take notice that any factual assertions contained in the . . . Statement of Material Facts in support of this Motion may be accepted as true by the Court unless Plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in Defendant's attachments.

(Mot. at 2, citing FED. R. CIV. P.  56(e).)  Defendant asserts that because it gave Plaintiff this notice and because Plaintiff has not responded with his own affidavit or other documentary evidence of the timeliness of his Complaint, the Court should resolve the factual issue of untimeliness in its favor and dismiss Plaintiff's Rehabilitation Act claims under 12(b)(1) and his Title VII, Retaliation, and ADEA claims under 12(b)(6).  However, in Defendant's "statement of facts as to which there is no

---

[2] In the Motion, Defendant contends timely appeal of the Agency Decision is jurisdictional under Title VII, the ADEA, and the Rehabilitation Act.  Nevertheless, in its Reply, Defendant concedes that timeliness of the appeal is jurisdictional only under the Rehabilitation Act, whereas under Title VII and the ADEA, the requirement for a timely appeal is more akin to a statute of limitations which may be tolled.

genuine issue," Defendant states:

> The Docket reflects that Plaintiff filed his complaint in the United States District Court for the District of Columbia on December 14, 2012 (ECF No. 1). However, the document itself reflects two stamps, the filing date of December 14, 2011, and another stamp that is obscured by an "X" that appears to be December 6 or December 5, 2011. (ECF No. 1 at 4).

(Stmt. of Mat. Facts at 1.) Defendant concedes that if the Complaint was filed on December 5, 2011, it is timely. (Def.'s Mem. at 7.)

The Court notes that FED. R. CIV. P. 5(d)(2) defines filing as "delivering it to the clerk; or to a judge who agrees to accept it for filing and who must then note the filing date on the paper and promptly send it to the clerk." In the Fifth Circuit, a delay by the clerk due to the pendency of a motion to proceed IFP does not jeopardize the timeliness of the plaintiff's commencement of suit. *Ynclan v. Depart. of the Air Force*, 943 F.2d 1388, 1392-93 (5th Cir. 1991). *See Martin v. Demma*, 831 F.2d 69 (5th Cir. 1987) ("Clerical delay in the formal filing of this *in forma pauperis* complaint should not affect the operative event, that is, the receipt of the complaint by the court.")

Plaintiff responds that his appeal was timely because it was received by the Clerk's office and then sent to the IFP section for processing and was not recorded in the ECF section until the ECF filing date. (Pl.'s Apr. 30 Resp. at 1.) Plaintiff's explanation is supported by the indecipherable file stamp dated December 5, 2011, or December 6, 2011. Additionally supporting his position is the fact that all three of Plaintiff's other pleadings filed in the District of Columbia have stamps indicating they were received in the clerk's office mail room on a certain date and filed anywhere from 1-3 days later. These pleadings included a handwritten notation "Let this be filed," signed by Judge Rosemary M. Collyer. (Docs. 11, 13, and 14.) Further, the docket sheet indicates

that not only the Complaint and Motion for Leave to Proceed In Forma Pauperis ("IFP"), but also the Order granting the Motion for Leave to Proceed IFP, were all file-stamped December 14, 2011. This also lends credence to Plaintiff's assertion that the Clerk received the Motion for Leave to Proceed IFP earlier than December 14, 2011 and forwarded it for consideration by a judge. The Motion to Proceed IFP was accompanied by the Complaint.

Plaintiff also indicates that he has a certificate of mailing. He includes a hand written certificate number in his April 12, 2011 response.[3] Nevertheless, Plaintiff failed to support his response with an affidavit and/or documentary evidence such as a copy of the certificate of mailing.

This Court is mindful of the admonition by the Fifth Circuit Court of Appeals that in responding to a Motion to Dismiss which Defendant implicitly requests the Court to treat as a summary judgment motion, "plaintiffs may not play dog in the manger; and firm application of the Federal Rules of Civil Procedure will ensure that federal officials are not harassed by frivolous lawsuits." *Barker v. Norman*, 651 F.2d 1107, 1123 (5th Cir. 1981). The Fifth Circuit also points out that "although pro se litigants are not held to the same standards of compliance with formal or technical pleading rules applied to attorneys, [the Fifth Circuit] has never allowed such litigants to oppose summary judgments by the use of unsworn materials." *Id.*

On the other hand, as noted, Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule

---

[3] Plaintiff further confuses the issue by stating in his opposition that he "mailed the law suit in before the deadline of September 1, 2012." (Pl.'s Apr. 12, 2012 Resp. at 1.) As Defendant points out, this is impossible because the Agency decision date is September 1, 2011, and Plaintiff did not receive the decision until September 6, 2011. Plaintiff had 90 days from September 6, 2011, or until December 5, 2011 in which to appeal the Final Agency Decision.

56(c), the court may: (1) give an opportunity to properly support or address that fact." FED. R. CIV. P. 56(e). The Fifth Circuit also commented in *Barker* that "when summary judgment is inappropriate because the supporting or opposing materials are improper, the district court has ample discretion to call upon the parties to remedy the defects, by submitting affidavits or otherwise." *Id.*

The Court finds at least two reasons that the District Court should not treat the Motion to Dismiss as a Motion for Summary Judgment without giving Plaintiff the opportunity to remedy the defects. First, Defendant's "Notice" to Plaintiff relied upon the Rule 56 rules for summary judgment. This notice would be confusing to even an experienced pro se litigant in light of the fact that no summary judgment motion was pending. Second, it would not be appropriate to treat Defendant's Motion to Dismiss as a Motion for Summary Judgment at this nascent stage of the proceedings when Plaintiff has not had the opportunity for discovery, particularly from the Clerk for the District of Columbia who should be able to verify the date the Complaint and IFP Motion were received in the mail.

With respect to the Rehabilitation Act Claim, the Court notes that although in examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Home Builders*, 143 F.3d at 1010. Plausibly, Plaintiff could prove that his Complaint and IFP Motion were mailed in time to be received by the Clerk on or before December 5, 2011. Accordingly, the District Court should deny without prejudice Defendant's 12(b)(1) Motion with respect to Plaintiff's Rehabilitation Act claims.

With respect to the Title VII, Retaliation, and ADEA claims, the Court must examine the

facts most favorably to Plaintiff and dismiss only if Plaintiff does not state "enough facts to state a

clam to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  The Court finds it plausible

under the facts, which the Court has examined most favorably to Plaintiff, that Plaintiff may be able

to provide, by affidavit or by documentary evidence, proof that he mailed his Complaint and IFP

motion to the District of Columbia Clerk in time for it to have been received on or before December

5, 2011.  Accordingly, the District Court should deny without prejudice Defendant's 12(b)(6)

Motion  with respect to Plaintiff's Title VII, Retaliation, and ADEA claims.

The District Court should grant the parties sixty days for discovery on the issue of when

Plaintiff's Complaint was received in the District of Columbia Clerk's office and direct the parties

to submit affidavits or other documentary evidence proving the date the complaint was received in

the Clerk's office within ten days after the close of the sixty day discovery period on that issue.

### Plaintiff's Sexual Orientation Discrimination Claim

Defendant contends the Court lacks subject matter jurisdiction over this claim and asks the

Court to dismiss Plaintiff's Title VII claims of discrimination based on sexual orientation

(heterosexuality).  According to the Final Agency Decision, Plaintiff alleges that his colleagues and

management officials harassed him because of his race, color, religion, disability, national origin,

reprisal, sex, and sexual orientation.  He claims that from April 20, 2010 until his termination on

April 28, 2010, his colleagues and supervisors attacked his heterosexuality by repeatedly accusing

him of "being a pedophile, taking pictures of man's genitals, calling him profanities, and circulating

personal information about his childhood rape."  (Final Agency Decision ("Decision") at 2.)

In the Decision, the Agency recognized that "discrimination on the basis of actual or

perceived sexual orientation does not come within the ambit of Title VII's prohibition on sex

discrimination. (Decision at 4.) *See Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 259 (1st Cir. 1999) (it is "settled law that, as drafted and authoritatively construed, Title VII does not proscribe harassment simply because of sexual orientation). *See also*, *Dawson v. Bumble & Bumble*, 398 F.3d 211, 218 (2nd Cir. 2005); *Bibby v. Philadelphia Coca Cola Bottling Co.*, 260 F.2d 257, 264 (3rd Cir. 2001); *Hopkins v. Baltimore Gas & Elec. Co.*, 77 F.3d 745, 751-52 (4th Cir. 1996); *Schroeder v. Hamilton School Dist.*, 282 F.3d 946, 951 (7th Cir. 2002); *Williamson v. A.G. Edwards & Sons*, 876 F.2d 69, 70 (8th Cir. 1989). The Agency noted that because sexual orientation discrimination is prohibited by Executive Order and Department of Commerce Policy, the only claim Plaintiff would have would be an administrative claim. (Decision, at 5.) The Agency reiterated that since the claim of sexual orientation discrimination is not within the jurisdiction of the EEOC or federal court, Plaintiff must appeal the denial of his sexual orientation claim to the Department of Commerce. (Decision, at 17.)

Plaintiff failed to rebut Defendant's argument that the Court lacks subject matter jurisdiction over Plaintiff's claims of discrimination based on sexual orientation. The Court finds that this Court lacks subject matter jurisdiction over Plaintiff's alleged Title VII sexual orientation claim. The District Court should grant Defendant's Motion to Dismiss Plaintiff's claim of discrimination based upon sexual orientation.

**Plaintiff's Tort Claims for Wrongful Discharge, Tortious**
**Removal, Defamation, Slander, and Libel**

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988)). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Moreover, any such waiver "must be 'construed strictly in favor of the sovereign.'" *United States v. Nordic Village Inc.*, 503 U.S. 30, 34 (1992). In a suit against the United States, the plaintiff bears the burden to show Congress's unequivocal waiver of sovereign immunity. *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009).

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*. is a possible source for a waiver of sovereign immunity against the United States. The FTCA exposes the United States to liability "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). "When a plaintiff seeks monetary damages against a federal agency for certain torts committed by federal employees, the only possible basis for subject matter jurisdiction for this Court would be the FTCA, 28 U.S.C. § 1346(b)." *Epps v. U.S. Atty Gen.*, 575 F. Supp. 2d 232, 238 (D.D.C. 2008). However, a plaintiff must satisfy the strict procedural and substantive requirements set out by the FTCA to assert a tort claim against a federal entity. If he fails, the court is without jurisdiction to hear his claims. *Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981); *Reynolds v United States*, 748 F.2d 291, 292 (5th Cir. 1984).

To obtain relief for tortious conduct by the United States, a plaintiff must comply with

11

certain procedural requirements.  A tort claim against the United States must first be presented to the appropriate Federal agency and shall have been finally denied by the agency in writing and sent by certified or registered mail.  28 U.S.C. § 2675.  Moreover, a tort claim against the United States is forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing of notice of final denial of the claim by the agency to which it was presented.[4]

On February 10, 2012, Defendant searched its Federal Tort Claims Act ("FTCA") database to determine whether Plaintiff had filed an FTCA administrative claim before he filed his complaint in this case.  (Reed. Decl. ¶ 4-5.)  Defendant found no record of Plaintiff's having raised his wrongful discharge, tortious removal, defamation, slander, libel, or 5th and 14th Amendment claims at the administrative level.  (*Id*. ¶ 5.)  Plaintiff has not rebutted this declaration by providing evidence that he exhausted his administrative remedies with respect to his tort claims, nor has he even addressed this issue in his responses to Defendant's Motion.   Additionally, Plaintiff has not presented any evidence to show that the tort claims would not be barred by the six month statute of limitations that commenced with the Agency decision on September 1, 2011.  Accordingly, it would be futile to stay this action for Plaintiff to exhaust his remedies for his tort claims.  Moreover, the Fifth Circuit Court of Appeals has held that it would not be proper to hold a complaint in abeyance until an administrative claim was filed and denied.  *United States v. Burzynski Cancer Research*

---

[4]  The terms of 28 U.S.C. § 2401(b) provide:

 A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

*Inst.*, 819 F.2d 1301, 1307 (5th Cir. 1987).  The Court recommends that the District Court grant Defendant summary judgment with respect to Plaintiff's tort claims.

### Plaintiff's 5th and 14th Amendment Claims

Plaintiff alleges violation of his constitutional rights under the Federal Tort Claims Act.  The Federal Tort Claims Act does not encompass federal constitutional torts.  *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991).  Accordingly, absent a waiver of sovereign immunity, the District Court should dismiss Plaintiff's constitutional tort claims against the United States.

### <u>RECOMMENDATION</u>

The District Court should grant Defendant's (12)(b)(1) Motion based on lack of subject matter jurisdiction with respect to Plaintiff's Title VII Claim based on sexual orientation discrimination; his tort claims based on Wrongful Discharge, Tortious Removal, Defamation, Slander, Libel; and his claims for violations of the 5th and 14th Amendments.  The District Court should deny without prejudice Defendant's 12(b)(1) Motion with respect to Plaintiff's Rehabilitation Act Claim and his 12(b)(6) Motion with respect to Plaintiff's Title VII, Retaliation, and ADEA claims.  Therefore, this Court recommends that the District Court grant in part and deny in part Defendant's Motion. Additionally, the District Court should grant the parties sixty days for discovery on the issue of when Plaintiff's Complaint was received in the District of Columbia Clerk's office and direct the parties

to submit affidavits or other documentary evidence proving the date the complaint was received in

the Clerk's office within ten days after the close of the sixty day discovery period on that issue.

**SO RECOMMENDED**, November 28, 2012.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of the Findings, Conclusions, and Recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify the part of the findings, conclusions, and recommendation to which an objection is being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections within fourteen days after being served with a copy of the Findings, Conclusions, and Recommendation shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).